UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. ) Case No. MJ# 04-CR-849-MBB
)
JULIO DANIEL GRANDE, )
Defendant )

## MOTION TO RECONSIDER RELEASE

The United States Attorney hereby respectfully moves the Court to reconsider its order today for the pre-trial release of defendant Julio Grande with certain conditions, including his agreement to waive any right to the extradition process should he flee to Colombia.

First, the attorney for the government has spoken with Mary Rodriguez of the Office of International Affairs ("OIA") at the Department of Justice. According to Ms. Rodriguez, any waiver the defendant makes in a United States Court is completely unenforceable in Colombia. The Supreme Court of Colombia would not honor any waiver from a foreign jurisdiction and OIA would be obligated to submit a complete extradition package to Colombia should the defendant flee to his home country of Colombia.

Moreover, Venezuela, is the residence country of other close family members of the defendant. The defendant's passport shows that he has visited Venezuela at least five times. According to Ms. Rodriguez, although Venezuela is a member of the Vienna Convention, Venezuela does not currently have an active extradition process with the United States.

Special Agent Henry Basile has also spoke with John Tobon, the Immigration Customs Enforcement ("ICE") Assistant Attache to Colombia. According to Assistant Attache Tobon, the Colombian government does not allow its citizens to waive extradition, meaning the courts in

Colombia do not allow its citizens the right to waive extradition to the United States, even if the defendant were to surrender to the United States agents in Colombia. Therefore, any waiver here in the United States would be unenforceable and not recognized by the Colombian Supreme Court. Thus, should defendant flee to Colombia, the United States would be required to submit an extradition package to be signed by the President of Colombia, which would take at least 12-18 months at the earliest.

Second, the government reiterates its position that it has demonstrated that the defendant is a risk of flight based on a preponderance of the evidence. As the Court knows, the defendant is a Colombian national, with no ties to the District of Massachusetts and minimal ties to the United States. His only ties to the United States is a brother, Carlos Grande, who lives in Miami and his sister, Yuly Grande, who also lives in Miami. This brother has a prior conviction for a financial crime for which he served a three year sentence. This brother is also the President and signatory of the Cardent International Bank account referenced in the Affidavit of Special Agent Basile, Exhibit 1 of the detention hearing ("Affidavit"). As set forth in the Affidavit, pages 25-26, during the period, June 2001 through February 2002, approximately $3.37 million was deposited in this account, approximately $518,000 of this was money orders believed to be drug money. As also set forth in the Affidavit, numerous checks from the Cardent International Bank account were deposited into the defendant's City National Bank Account, one of the account's the defendant admitted in post-arrest statements was an account he used to launder drug money. Defendant's sister Yuly, who will be the third-party custodian for defendant according to the Court's order, also admitted she received bank statements from the defendant's Wachovia account through which the defendant also admitted he was laundering drug money. Moreover, the defendant's wife and children live in Colombia. His other close relatives live in Venezuela and Austria.

The $150,00 bond, secured by only a $75,000 lien in his sister's house will not prevent the defendant's flight under these circumstances in a case in which the defendant is facing 121-151 months of imprisonment for serious drug money laundering charges. A waiver of extradition will also do nothing to expedite the return of the defendant for trial should he flee, assuming he can even be located in Colombia, Venezuela, Austria, or wherever he is clearly capable of traveling to with ease.

Dated: July 30, 2004

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

By: _____
CYNTHIA W. LIE
Assistant U.S. Attorney

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail on

_____
Assistant U.S. Attorney